# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:13-cv-01650-TWP-MJD |
| UTAH VALLEY UNIVERSITY, GREG SCHWAB, RYAN TANNER, and DANIEL MCDONALD, | ) ) ) ) ) |
| Defendants. | ) |

## ENTRY GRANTING DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss (Dkt. No. 16) filed by Defendants Utah Valley University ("UVU"), UVU Chair of the Aviation Department Greg Schwab ("Mr. Schwab"), Director of Academic Support—Aviation Department Ryan Tanner, and Chairman of the Academic Standards Committee Daniel McDonald (collectively, "Defendants"). Plaintiff Sean Smith ("Mr. Smith") was an online student at UVU in the Fall 2012, Spring 2013, and Summer 2013 terms. Mr. Smith, *pro se*, brings this diversity action alleging breach of contract, fraud, libel and slander, discrimination and a claim for punitive damages. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

UVU is a state university located in Orem, Utah. Mr. Smith, a resident of Madison County, Indiana, enrolled in online classes at UVU in the aviation department for the Fall 2012, Spring 2013, and Summer 2013 terms. Mr. Smith was ultimately dissatisfied with the online test banks and his assigned grades. He appealed multiple grades to Mr. Schwab and the Academic Standards Committee. Mr. Smith was in frequent email contact with Mr. Schwab and his

professors concerning his dissatisfaction and false statements made by the Defendants. Mr. Smith's administrative appeals were denied, and he filed this action on October 16, 2013.

## II. STANDARD OF REVIEW

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

## III. DISCUSSION

Mr. Smith brings claims for fraud, defamation, discrimination, breach of contract, and punitive damages against Defendants. Defendants seek dismissal of all claims. The Court will address the respective claims below.

As an initial mater, the Court notes that Mr. Smith has filed four separate responses to Defendants' Motion to Dismiss. Although this violates the Local Rules governing motions

practice, L.R. 7-1, the Court has taken into consideration each of Mr. Smith's responses in order to liberally construe his *pro se* filings.

A.  **Eleventh Amendment Immunity**

Defendants' argue that all of Mr. Smith's claims are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Supreme Court has extended Eleventh Amendment immunity to state agencies, as arms of the state. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). UVU and the individual Defendants as employees of UVU, are arms of the state under Utah law. *See* Utah Code §§ 63G-7-102(9), 63G-7-201 (defining that state colleges and universities are instrumentalities of the state and establishing immunity for arms of the state and state employees).

There are three exceptions to Eleventh Amendment immunity, including that a state may waive its Eleventh Amendment immunity by statute. Utah enacted the Utah Governmental Immunity Act ("UGIA"), which provides that "[e]xcept as may be otherwise provided in this chapter, each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function." Utah Code § 63G-7-201. The State of Utah has not waived immunity in federal court for tort actions, *see Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999), though it has waived immunity for contract actions. Utah Code § 63G-7-301(1(a).

A second exception to Eleventh Amendment immunity is that Congress may abrogate the state's immunity through a valid exercise of its powers. Finally, the third exception, which is not

relevant here, is that a plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law." *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007).

B.     **Eleventh Amendment Immunity Bars Mr. Smith's Tort Claims**

Defendants contend that the UGIA explicitly establishes UVU and the individual Defendants as arms of the state, and thus they are immune from suit on Mr. Smith's fraud, defamation, and discrimination claims. The Court finds that the status of Defendants as arms of the State of Utah is established by statute, and that it need not engage in further analysis on this point. Because no exception applies that would allow Mr. Smith's fraud and defamation to be brought against Defendants in federal court, these claims must be dismissed for lack of subject matter jurisdiction.

Mr. Smith also brings a claim of discrimination. However, his Complaint does not identify a statute upon which his claim is brought, nor does Mr. Smith allege that he is a member of a protected class. Mr. Smith notes in his briefing that his UVA admission and financial aid application's put Defendants on notice that he was a member of a protected class. This type of notification is insufficient for purposes of a Complaint. Without knowing the basis for Mr. Smith's discrimination claim, the Court cannot properly determine whether Congress has abrogated Utah's Eleventh Amendment immunity. Nor can the Court determine whether Mr. Smith has stated an adequate claim for relief. Thus, his claim for discrimination is dismissed.

C.     **Mr. Smith Fails to State a Claim for Breach of Contract**

Mr. Smith's Complaint alleges that Defendants breached contractual obligations in the process of his academic challenges. Under Indiana law[1], a student may establish an implied contract "between himself and [a] university that entitled the student to a specific right." *Bissessur v. Ind.*

---

[1] Defendants apply Indiana law to Mr. Smith's claims, as will the Court.

*Univ. Bd. of Trusts.*, 581 F.3d 599, 601 (7th Cir. 2009). "[B]ut to receive such protection, the student must first show that the implied contract establishes an entitlement to a tangible continuing benefit . . . . [by pointing to] an identifiable contractual promise that the university failed to honor." *Id.* at 602 (internal citation and quotation marks omitted). Without such evidence, "the court will not participate in second-guessing the professional judgment of the University faculty on academic matters." *Id.* (internal quotation marks omitted).

Mr. Smith's Complaint alleges that Defendants failed to process his appeals and this was a breach of contract. The Complaint does not identify what contract exists between the parties and fails to specify the existence of an entitlement to the specific right that Mr. Smith claims. Mr. Smith argues in his briefing that UVU policies and procedures establish a contract between the parties, but this allegation is not contained within the Complaint. Despite Mr. Smith's action of attaching the UVU policies to his Complaint, Mr. Smith's Complaint has not put Defendants or the Court on notice to facts supporting his claim. In *Bissessur*, the Seventh Circuit held in a similar case that a complaint that failed to contain "mention of any entitlements Bissessur had as a result of his relationship with the University, or any promises that the University or its officials may have made to him that might have formed the basis of a contract, implied or otherwise," failed to satisfy the pleading standard under federal law. *Id.* at 602–03. The Complaint here, even when liberally construed, does not provide sufficient facts to state a legally cognizable claim and the breach of contract claim must be dismissed.

### D. Punitive Damages Unavailable

Next, Mr. Smith brings a claim for punitive damages. Because this claim refers to the tort actions, the claim must be dismissed for lack of subject matter jurisdiction. Moreover, as it refers to breach of contract, the claim also fails. "[P]unitive damages, unlike compensatory

5

damages and injunction, are generally not available for breach of contract." *Barnes v. Gorman*, 536 U.S. 181, 187 (2002). Mr. Smith points out that "generally not available" does not mean "never available." Mr. Smith is correct, but punitive damages are only available when "the conduct constituting the breach is also a tort for which punitive damages are recoverable." Restatement (2d) of Contracts § 355; *see Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 984 (Ind. 1993) ("We hold that in order to recover punitive damages in a lawsuit founded upon a breach of contract, the plaintiff must plead and prove the existence of an independent tort of the kind for which Indiana law recognizes that punitive damages may be awarded."). Mr. Smith's Complaint does not satisfy Indiana law and fails to state a claim for punitive damages, and his claim must be dismissed.

### E. Utah Governmental Immunity Act Notice Requirement

The UGIA requires that a person having a claim against a governmental entity or employee "shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code § 63G-7-401. Mr. Smith did not comply with this statutory requirement. He claims that he has since filed a Notice with the State of Utah, but has not filed evidence of such with the Court, nor was the Notice timely filed "before maintaining an action." Thus, the breach of contract and punitive damages claim fail for this independent reason.

### IV. <u>CONCLUSION</u>

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 16) is **GRANTED**. Mr. Smith's claims for fraud and defamation are **DISMISSED with prejudice**, as Defendants enjoy sovereign immunity for these claims under the Eleventh Amendment. Mr. Smith's discrimination, breach of contract, and punitive damages claims are **DISMISSED without**

**prejudice**. Mr. Smith is granted leave to amend his Complaint to address the deficiencies noted in this Entry[2] **within twenty-one (21) days of the date of this Entry**.

SO ORDERED.

Date: 06/27/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sean Smith
11 Flyntwood Drive
Anderson, Indiana  46012

Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

James M. Hinshaw
BINGHAM GREENEBAUM DOLL LLP
jhinshaw@bgdlegal.com

---

[2] Specifically, Mr. Smith is granted leave to file an amended complaint which addresses deficiencies noted in his discrimination, breach of contract, and punitive damages claims. If Mr. Smith fails to file an amended complaint by the stated deadline, the Court will dismiss these claims with prejudice.