UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SEAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01650-TWP-MJD |
| | ) |
| UTAH VALLEY UNIVERSITY, | ) |
| GREG SCHWAB, RYAN TANNER, | ) |
| and DANIEL MCDONALD, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF SEAN SMITH'S MOTION TO CORRECT ERROR**

This matter is before the Court on Plaintiff Sean Smith's ("Mr. Smith") Motion to Correct Error and Reconsider Dismissal (Filing No. 34). Dissatisfied with his grades, Mr. Smith sued his course instructors and Utah Valley University for violation of his Fourteenth Amendment Rights and other claims. Mr. Smith has filed the instant motion asserting that the Court made an "error of apprehension" when it dismissed his Amended Complaint. For the following reasons, the Court **DENIES** Mr. Smith's Motion.

Defendant Utah Valley University ("UVU") is a state university located in Orem, Utah (Filing No. 25 at 1). Mr. Smith, a resident of Madison County, Indiana, enrolled in online classes in UVU's aviation department during the Fall 2012, Spring 2013, and Summer 2013 terms. Mr. Smith noticed a large number of incorrect answers in UVU's test banks and communicated his findings to the course instructors. The course instructors did not respond to Mr. Smith's emails. Because of the lack of response, Mr. Smith appealed his course grades. After exhausting UVU's administrative appeals process, Mr. Smith decided to seek relief in this Court, filing his Complaint on October 16, 2013 (Filing No. 1).

In his Complaint, Mr. Smith asserted claims for breach of contract, fraud, defamation, and discrimination. He requested compensatory and punitive damages. UVU moved to dismiss the action on December 10, 2013 (Filing No. 16). On June 27, 2014, the Court granted the UVU's motion, dismissing with prejudice Mr. Smith's claims of fraud and defamation. The breach of contract, discrimination, and punitive damages claims were dismissed without prejudice, and Mr. Smith was permitted to amend his Complaint (Filing No. 24). He amended his Complaint on July 15, 2014 (Filing No. 25) asserting claims for breach of implied contract, deprivation of liberty and property rights under the Fourteenth Amendment, and race discrimination. UVU again moved to dismiss the action (Filing No. 27). On March 20, 2015, the Court granted UVU's motion to dismiss (Filing No. 32). Mr. Smith now asks the Court to reconsider its Order dismissing the action.[1]

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions. *United States v. Roth*, 2010 U.S. Dist. LEXIS 38175, at *3–4 (E.D. Wis. Apr. 19, 2010). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion for reconsideration should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). Mr. Smith filed his Motion to Correct Error and Reconsider

---

[1] After filing his Motion to Correct Error and Reconsider Dismissal, Mr. Smith filed a notice of appeal on April 17, 2015 (Filing No. 37), while his Motion was still pending in this Court. "A timely filing of a notice of appeal generally confers jurisdiction on the court of appeals and divests the district court of jurisdiction over aspects of the case involved in appeal. However, the filing of a notice of appeal after a timely filed Rule 59 motion but before a decision on that motion does not divest the district court of jurisdiction. Such a notice of appeal becomes effective when the order disposing of the Rule 59 motion is entered. . . . Therefore, this Court has jurisdiction and may decide the Motion." *Rosenbaum v. Seybold*, 2013 U.S. Dist. LEXIS 22797, at *16–18 (N.D. Ind. Feb. 20, 2013) (internal citations omitted). *See also Katerinos v. United States Dep't of the Treasury*, 368 F.3d 733, 737–38 (7th Cir. 2004) ("A notice of appeal filed during the pendency of a Rule 59 motion is not void, but merely suspended, and it becomes effective when the order disposing of the Rule 59 motion is entered." Further, "[o]nce the motion has been decided, the district court should provide notice to the court of appeals. We shall then be able to verify that the judgment is final, that the notice of appeal has become effective and that appellate jurisdiction has vested.").

Dismissal on March 26, 2015, only six days after the Order of Dismissal.  Therefore, the Court will analyze Mr. Smith's Motion as a motion to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  "A Rule 59(e) motion will be successful only where the movant clearly establishes:  (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal citation and quotation marks omitted).  Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).  A manifest error "is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation and quotation marks omitted).

Mr. Smith asks the Court to alter or amend its Judgment, asserting that the Court misapprehended the facts of his case regarding the level of review that he received during the administrative review process completed by UVU.  Specifically, Mr. Smith alleges the Court "made an error of apprehension" when it stated that Mr. Smith had appealed his grades multiple times and at each level, had an opportunity to state his grievance and hear an explanation for the decision. (Filing No. 32, at ECF p. 9).  The Court, however, did not misapprehend the facts. Mr. Smith's allegations were contradicted both by his own allegations and by the documents attached to his Amended Complaint – both of which show that his appeals were processed and denied.  Mr.

Smith argues that his appeal should have proceeded before the full Academic Standards Committee, yet Mr. Smith concedes that he exhausted all administrative options prior to filing suit. (Filing No. 25 ECF p. 12 ¶33). "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations and the Court need not accept the conflicting allegations as true." *Northern Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449 at 454-55. While the Court understands the disappointment of Mr. Smith with the process and the result, such disappointment does not clearly establish a manifest error justifying amendment of the Judgment. There was no manifest error of law or fact in the Court's previous Judgment, and Mr. Smith has presented no new evidence which would preclude judgment. The Court did not misapprehend the facts in this action concerning the administrative review completed by UVU, and it did not misapply the law to those facts in finding that Mr. Smith's action should be dismissed. Accordingly, Mr. Smith's Motion to Correct Error and Reconsider Dismissal (Filing No. 34) is **DENIED**.

      The Clerk of Court is directed to provide notice of this Order to the Seventh Circuit Court of Appeals so that it may verify that the Judgment is final, that the notice of appeal has become effective, and that appellate jurisdiction has vested.

      **SO ORDERED.**

Date: ___6/1/2015_____

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sean Smith
11 Flyntwood Drive
Anderson, Indiana  46012


Briana Lynn Clark
BINGHAM GREENEBAUM DOLL LLP
bclark@bgdlegal.com

James M. Hinshaw
BINGHAM GREENEBAUM DOLL LLP
jhinshaw@bgdlegal.com